A89A0908. DUBOSE v. RICHARDSON.
(387 SE2d 156)

CARLEY, Chief Judge.

Insofar as they are relevant to this appeal, the facts in this adoption case are as follows: Appellant is the step-father of a minor child. Appellee is the natural father of the child. Appellant filed a petition to adopt the child, alleging that the surrender or termination of appellee's parental rights was not required because appellee had failed significantly during the preceding year to provide support for the child as required by judicial decree. See OCGA § 19-8-6 (b) (2). Appellee opposed the adoption. At the hearing, appellant produced evidence that, in the preceeding year, appellee had not paid any court-ordered child support. After appellant had presented his evidence, the trial court involuntarily dismissed the adoption proceeding pursuant to OCGA § 9-11-41 (b). It is from this involuntary dismissal order that appellant brings this appeal.

In its order, the trial court found that "there has been a significant failure of support as required by the case law. [Cit.]" The evidence adduced by appellant would certainly authorize, if not demand, such a finding. Appellee had paid *no* court-ordered child support whatsoever during the relevant one-year period. "In determining whether 'significant' steps have been taken with regard to support . . ., 'sporadic and de minimis' efforts do not require the court to find that there have been significant steps. [Cits.]" *In re J. S. J.,* 180 Ga. App. 873, 875 (3) (350 SE2d 843) (1986).

However, the trial court also concluded that, "[s]ince [appellee] has not consented to the instant adoption, it is incumbent upon the trial court to find that he has abandoned his child in order to terminate his parental rights and grant the adoption petition. Where there is no consent and no abandonment, the court is required to deny the adoption. [Cit.]" This conclusion is erroneous in a case, such as this, where it is the step-parent who seeks to adopt the child pursuant to subsection (b) of OCGA § 19-8-6. "A finding of abandonment pursuant to OCGA § 19-8-6 (a) is not a prerequisite to a consideration of the elements of Section 19-8-6 (b). Abandonment is a separate issue from the failure to pay support . . . . [Cits.] . . . . [T]o the extent that the trial court . . . require[d] proof of [appellee's] abandonment in addition to proof of [his] significant failure to support as set out in

OCGA § 19-8-6 (b)[,]" it erred. *In re J. S. J.*, supra at 873, 874. Compare *Tapley v. Veal*, 182 Ga. App. 880 (357 SE2d 268) (1987) (adoption pursuant to OCGA § 9-8-6 (a)).

If appellee had failed significantly to support the child, the trial court erred in granting the involuntary dismissal on the basis that he had nevertheless not abandoned her. "It thus appears that the trial court's order was based upon misinterpretation of the law and the case must be remanded for further consideration." *In re J. S. J.*, supra at 875.

*Judgment reversed and case remanded for proceedings consistent with this opinion. McMurray, P. J., and Beasley, J., concur.*

DECIDED OCTOBER 4, 1989.

*Custer, Hill & Clark, Douglas A. Hill*, for appellant.
*Mary M. Oliver*, for appellee.