A97A2453, A98A0067. BATTAGLIA v. DUKE; and vice versa.
(497 SE2d 250)

MCMURRAY, Presiding Judge.

Petitioner Cavin Lee Duke sought to adopt the minor daughter of his spouse, alleging that "through marriage to the natural mother . . . [the] child has been supported by the Petitioner[; that] the natural mother was awarded custody by a divorce decree . . . [; that a] diligent search has been made for [the natural father, Respondent Darin J. Battaglia], but he cannot be located; [and further alleging that] the natural father of said child has abandoned her in that he has failed to support said child for a period of over one (1) year and has not seen the child for a period of over one (1) year." The prayers were for termination of the parental rights of Respondent Darin J.

Battaglia and the adoption of the child. Personal service of process was made at the Newton County Jail in Covington, Georgia. Respondent filed an objection to the adoption, alleging that he "exercised his visitation rights and visited his minor child, . . . maintaining substantial contact . . . [and further alleging he] paid child support. . . ."

The evidence adduced below revealed that Respondent and the natural mother were divorced in 1992. The settlement agreement incorporated into the divorce decree gave the mother "permanent legal custody . . ." of their child. Respondent was granted visitation every other weekend, plus every Thanksgiving and Christmas day, on the day before or the day after the child's birthday, Father's day, and two weeks in the summer. "Both parties [agreed to] abstain from any alcohol or any other intoxicants including any illegal substances during visitation. . . ." Respondent further agreed to pay his former wife $65 per week as child support.

Since the divorce, Respondent "has never seen [the child] more than twice in one year. . . ." Prior to the filing of the petition for adoption in July 1996, the last time Respondent saw her was "March or April of '95. . . . He ha[d] not seen her at all in 1996. . . . He ha[d] not seen her for over a year, period. . . . He doesn't call her. He doesn't contact her. She doesn't even remember what he looks like. She asks where he is, who he is. . . . [N]o significant amount [of child support] has ever been collected through Child Support Recovery until after this adoption was already filed for. He's never paid more than $130 in any year."

Respondent confirmed that he only "paid every week that he could, you know. It's been a while." Respondent estimated that in 1992, he paid "over a thousand dollars . . ." in child support. But in 1993, he could only manage "a couple of hundred dollars." This was because Respondent "had some drug problems . . . [with] [m]arijuana [and] cocaine." He confirmed he "worked several months that year, but . . . didn't pay any more child support than [$130 because] he was strung out on dope and drugs." In 1994, he paid only $526. For 1995, he paid one "hundred dollars for the whole year[.]" Respondent was not "making regular payments to Child Support Recovery . . . because of [his] problem with drugs[.]" He confirmed he "really didn't want to find [his] child because [he] faced the possibility of going to jail[.]" In the last two years, he never brought over any Christmas or birthday presents. At an attempted visitation on Christmas day 1996, Respondent arrived in the unexpected company of several of his relatives. Respondent's former wife told Respondent "she did not want people outside [her door] and that [the relatives] needed to leave. And [Respondent] said I can't tell my family to leave and I can't tell my wife to leave." An altercation among the adults

broke out in front of the child, who "started crying and ran to her room. . . ."

The trial court granted the adoption over Respondent's objections, finding he had significantly failed to communicate with the child for a period of more than one year in a meaningful, parental manner, and concluding that adoption was in the best interests of the child. Proceeding pro se, Respondent appeals in Case No. A97A2453. In Case No. A98A0067, Petitioner appeals from the trial court's denial of his motion to dismiss Respondent's appeal under OCGA § 5-6-48 (c). The cases are hereby consolidated for disposition in a single appellate decision. *Held*:

### Case No. A98A0067

1. Petitioner's appeal will be considered first because a determination that the trial court erred in denying Petitioner's motion to dismiss Respondent's appeal would render moot all issues raised in Case No. A97A2453.

"[T]he trial court may . . . order that the appeal be dismissed where there has been an unreasonable delay in the filing of the transcript and it is shown that the delay was inexcusable and was caused by such party." OCGA § 5-6-48 (c). Petitioner moved to dismiss Respondent's appeal on the ground that Respondent "has failed to file the transcript within the appropriate time," namely the 30-day period established by OCGA § 5-6-42. This motion was supported by the affidavit of Barbara Englehardt, the Official Court Reporter for the Rockdale Judicial Circuit, who deposed that, because of a "previous encounter with [Respondent] and/or his family members involv[ing] a 'bad' check, [Ms. Englehardt] requested payment for [her] services by certified funds or cash." Englehardt refused the tender of a non-certified check but remained "ready, willing and able to provide this transcript upon proper payment." After a hearing, the trial court denied Petitioner's motion to dismiss, "inasmuch as [Respondent] paid the necessary costs for the appeal on July 8, 1997[,]" i.e., the day of the hearing.

On appeal, Petitioner's entire argument merely restates his brief as submitted to the trial court, without acknowledging the trial court's finding that Respondent eventually paid all necessary costs prior to the trial court's ruling. Petitioner does not state the standard of review to be applied to the trial court's decision, as required by Court of Appeals Rule 27 (a) (3). The appellate court must determine, based on the evidence presented, whether the trial court abused its discretion in granting or denying the motion to dismiss the appeal. *Cook v. McNamee*, 223 Ga. App. 460, 461 (477 SE2d 884). Petitioner's notice of appeal expressly directs the clerk to "omit everything from

the record on appeal, except the Motion to Dismiss, Brief in Support of Motion and Order of July 8, 1997. Transcript of evidence and proceedings will not be filed for inclusion in the record on appeal." We therefore presume the trial court's order is supported by those parts of the record designated for exclusion from the record on appeal. *Cook v. McNamee*, 223 Ga. App. 460, supra. Nowhere does Petitioner show that any delay in the payment of costs caused unreasonable delay in transmitting the record to the Court of Appeals. See *Sellers v. Nodvin*, 262 Ga. 205 (1), 206 (1) (b) (415 SE2d 908). "Thus, the trial court [in the case sub judice] did not abuse its discretion in denying the motion to dismiss the appeal. See *Gilland v. Leathers*, 141 Ga. App. 680 (234 SE2d 338) (1977)." *Corbin v. First Nat. Bank*, 151 Ga. App. 33, 34 (1) (258 SE2d 697).

### *Case No. A97A2453*

2. Respondent's single-page brief argues he has been "treated unfairly[; that] witnesses for [his] defense were never heard[;] that [he loves his] daughter and want[s] visitation as well as [to] pay [his] child support plus any arrears. Last year alone, [he] paid over $7,000.00 in child support. [He] tried to take out health and life insurance on [the daughter], as well as start a college fund for her." We interpret this pro se argument as a challenge to the sufficiency of the evidence.

"Surrender of rights of a parent . . . shall not be required as a prerequisite to the filing of a petition for adoption of a child of that parent . . ., if that parent, for a period of one year or longer immediately prior to the filing of the petition for adoption, without justifiable cause, has significantly failed . . . [t]o communicate or to make a bona fide attempt to communicate with that child in a meaningful, supportive, parental manner; or [significantly failed] to provide for the care and support of that child as required by law or judicial decree." OCGA § 19-8-10 (b).

" 'In determining whether "significant" steps have been taken with regard to support . . ., "sporadic and de minimis" efforts do not require the court to find that there have been significant steps. (Cits.)' *In re J. S. J.*, 180 Ga. App. 873, 875 (3) (350 SE2d 843) (1986)." *DuBose v. Richardson*, 193 Ga. App. 104 (387 SE2d 156). " '(A)n offer to pay the arrearages comes too late after the filing of the petition for adoption. (Cit.)' *Plymel v. Adams*, 132 Ga. App. 621, 622 (208 SE2d 627) (1974)." *Kirkland v. Lee*, 160 Ga. App. 446, 451 (2) (287 SE2d 365). In the case sub judice, Respondent's child support obligation of $65 per week amounts to $3,380 per year. By his own admission, Respondent never managed to pay that sum for his child's support until after the filing of this adoption petition. Rather, he chose to

squander his earnings on marijuana and cocaine. That history provides clear and convincing proof that Respondent significantly failed without justifiable cause to pay child support, as required by Respondent's consent divorce decree, for the year immediately preceding the filing of the adoption petition. *Keys v. Ankerich*, 193 Ga. App. 107, 108 (2), 109 (386 SE2d 736).

3. Respondent also complains that he has "been treated unfairly[, contending that] witnesses for [his] defense were never heard by . . . the [trial judge]." But there are no references to the transcript to document where witnesses were proffered only to have them excluded by the trial court. Nor is there any citation of authority or argument in support of this contention. Consequently, any valid claim that Respondent was denied due process must be deemed abandoned. See Court of Appeals Rule 27 (c) (2) and (3).

*Judgments affirmed in Case Nos. A97A2453 and A98A0067. Beasley and Smith, JJ., concur.*

DECIDED FEBRUARY 3, 1998 —
RECONSIDERATION DENIED FEBRUARY 20, 1998.

Darin J. Battaglia, *pro se.*
*David B. Irwin*, for appellee.