A08A1290. HARRIS INSURANCE AGENCY, INC.
v. TARENE FARMS, LLC.
(667 SE2d 200)

ANDREWS, Judge.

Harris Insurance Agency, Inc. (Harris) appeals from the trial court's grant of summary judgment in favor of Tarene Farms, LLC (Tarene) on issues arising from a commercial lease entered into by

---

the parties. For the following reasons, we affirm in part and reverse in part.

After Harris entered into a written lease agreement to lease a building from Tarene for the purpose of operating an insurance business, Harris made various improvements to the building. When Harris subsequently failed to pay rent under the lease, Tarene terminated the lease and took possession of the building. Harris sued Tarene for the value of some of the improvements made to the building claiming that Tarene was unjustly enriched by retaining possession of the improvements. Tarene answered and counter-claimed against Harris asserting that Harris breached the lease by failing to pay amounts due for rent and by leaving the building in a damaged condition. The trial court granted summary judgment in favor of Tarene on Harris's unjust enrichment claim and on Tarene's claim that Harris breached the lease.[1]

1. Contrary to Harris's contention, the trial court correctly granted summary judgment in favor of Tarene on the unjust enrichment claim.

"Unjust enrichment is an equitable concept and applies when as a matter of fact there is no legal contract, but when the party sought to be charged has been conferred a benefit by the party contending an unjust enrichment which the benefitted party equitably ought to return or compensate for." (Citation and punctuation omitted.) *St. Paul Mercury Ins. Co. v. Meeks*, 270 Ga. 136, 137 (508 SE2d 646) (1998). Harris argues that there was no controlling contract between the parties because the improvements at issue were not required under the lease. Although no improvements to the building were required under the lease, the lease (which was prepared by Harris) contained a provision controlling structural alterations and addition of fixtures and other equipment to the building made by the lessee. The trial court did not err by finding that this lease provision controlled the improvements at issue, and therefore the unjust enrichment claim failed as a matter of law. *Tidikis v. Network for Med. Communications & Research*, 274 Ga. App. 807, 811 (619 SE2d 481) (2005).

2. We agree with Harris, however, that the evidence does not support the trial court's summary judgment award in favor of Tarene on its breach of lease claim.

The trial court found that Harris breached the lease by failing to pay the $1,800 monthly rent for August 2005, which was due under

---

[1] The trial court also granted summary judgment in favor of Tarene on Harris's claim for attorney fees. To the extent Harris also appealed from this portion of the trial court's order, no argument was advanced, and the appeal on this issue is deemed abandoned. Court of Appeals Rule 25 (c) (2).

the lease on the first day of August, and that Tarene acted pursuant to its rights under the lease when it terminated the lease on August 17, 2005 for nonpayment of rent. Based on these findings, the trial court awarded Tarene the entire $1,800 monthly rent for August. In response to Tarene's motion for summary judgment, Harris argued below that it could only be liable for rent for the days in August that preceded the date that Tarene terminated the lease and Harris vacated the premises. The record also contains undisputed evidence that Tarene retained a deposit of an amount equal to one month's rent ($1,800) paid by Harris when it entered into the lease. On these facts, we find that the trial court erred by awarding Tarene $1,800 for rent due under the lease. OCGA § 9-11-56.

The trial court also found that, when Harris vacated the building after the termination notice, it breached a lease provision which provided that, when the lease ended, Harris could detach and remove furniture, fixtures, and other equipment installed by Harris (provided that Harris paid rent and any other "valid charges" under the lease and the premises was restored to its original condition) but that no structural alterations could be removed. Tarene's representative testified that, although Harris's expenditures on the building improved the original condition of the building in some ways, Harris's unfinished efforts to improve the building left parts of the building in a worsened, unlivable condition, and that Tarene was required to expend "several thousand dollars to get it back into livable condition." Harris's representative provided testimony as to the improvements Harris made to the building, including the addition of fixtures and other equipment remaining in the building. On this record, we find that factual issues remain as to Harris's liability to Tarene under the lease for any damage to the original condition of the building. Moreover, we agree with Harris's contention that the record is devoid of any competent sworn evidence sufficient to support the trial court's finding on summary judgment that Tarene expended $6,200 to repair the building. Contrary to Tarene's contention, the mere fact that a Harris representative admitted in a deposition that he received a copy of a letter from Tarene stating that Tarene expended $6,200 to repair the building was not sufficient to establish the existence, purpose, or amount of the alleged repairs for purposes of summary judgment. The statement in the letter constituted hearsay without probative value and was insufficient to support an award of summary judgment. *White Missionary Baptist Church v. Trustees of First Baptist Church &c.*, 268 Ga. 668, 669 (492 SE2d 661) (1997). The trial court erred by awarding Tarene $6,200 for breach of the lease.

*Judgment affirmed in part and reversed in part. Ruffin, P. J., and Bernes, J., concur.*

DECIDED AUGUST 26, 2008.

*Grant E. Brim*, for appellant.
*Meriwether & Tharp, Robert L. Tharp*, for appellee.