**SECOND DIVISION**
**BARNES, P. J.,**
**MCFADDEN and MCMILLIAN, JJ.**

**NOTICE: Motions for reconsideration must be**
***physically received* in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**(Court of Appeals Rule 4 (b) and Rule 37 (b), February 21, 2008)**
**http://www.gaappeals.us/rules/**

**March 13, 2013**

# In the Court of Appeals of Georgia

A12A1674. CONSIDINE v. MURPHY & McINVALE, P.C.

BARNES, Presiding Judge.

Cecily Considine filed suit against George W. Murphy and Murphy & McInvale, P.C. (collectively, "Murphy"), alleging that Murphy committed malpractice while serving as the receiver of a business partly owned by Considine. Along with his answer, Murphy filed a motion to dismiss, arguing that he was a court-appointed receiver and was therefore immune from suit. Two days later, the trial court signed an order granting the motion to dismiss, finding that "because Defendants were acting in their capacity as a court appointed receiver, they are entitled to official immunity." The order was filed with the clerk of court six days after that. Considine appeals, arguing among other things that the trial court violated due process by dismissing the action without giving her notice and an opportunity to respond. We

agree that the trial court erred in ruling on the motion to dismiss without giving Considine an opportunity to respond, and therefore reverse and remand for further proceedings consistent with this opinion.

We review de novo a trial court's order dismissing a complaint. *Bonner v. Peterson*, 301 Ga. App. 443 (687 SE2d 676) (2009).

> When the sufficiency of a complaint is questioned, the allegations in the complaint must be construed in the light most favorable to the plaintiff and with all doubts resolved in the plaintiff's favor. Unless the allegations when so viewed disclose with certainty that the plaintiff would not be entitled to relief under any state of provable facts, the motion to dismiss should not be granted.

(Citation and punctuation omitted.) *Vautrot v. West*, 272 Ga. App. 715, 720 (3) (613 SE2d 19) (2005). "If, within the framework of the complaint, evidence may be introduced which will sustain a grant of the relief sought by the claimant, the complaint is sufficient and a motion to dismiss should be denied." *Anderson v. Flake*, 267 Ga. 498, 501 (2) (480 SE2d 10) (1997).

Here, Considine alleged that Murphy breached his contract of engagement and his fiduciary duty to the business for which he served as the receiver, acted with gross negligence, and committed willful and wanton misconduct. Murphy moved to dismiss

2

the complaint on the grounds that the court lacked subject matter jurisdiction under OCGA § 9-11-12 (b) (1) and that Considine failed to plead fraud with particularity under OCGA § 9-11-9 (b). The trial court found that Murphy was entitled to official immunity from suit as a court-appointed receiver, citing *Cameron v. Lang*, 274 Ga. 123 (2001), and dismissed the complaint.

Considine contends on appeal that the trial court violated her right to due process by ruling on the motion to dismiss before 30 days passed and without giving her a chance to respond. A trial court generally should allow a party 30 days to respond to a motion and to any evidence submitted in support thereof. See Uniform Superior Court Rule 6.2. "Where evidence is not required, a court has the discretion to rule on a motion to dismiss before the 30 days required by USCR 6.2 expires. *Phillips v. McCroskey*, 234 Ga. App. 87, 88 (2) (506 SE2d 388) (1998)." *Dearing v. State*, 243 Ga. App. 198, 203 (2) (532 SE2d 751) (2000). While a trial court has the discretion to rule before 30 days after the motion was filed; however, it must still afford the plaintiff notice and an opportunity to be heard first. In *Kidd v. Unger*, 207 Ga. App. 109, 110-11 (2) (427 SE2d 82) (1993), for example, we found no error in the trial court's ruling on the defendant's motion to dismiss without waiting 30 days after the motion was filed, because the court did not consider matters outside the

3

pleadings but ruled "solely on the issue of subject matter jurisdiction, a matter contained wholly within the purview of the pleadings." In that case, however, the trial court held a hearing before dismissing the complaint, and the appeal does not address any issues of notice or evidence. See id.

Murphy argues that the trial court was authorized to dismiss the complaint without giving Considine an opportunity to respond because in Considine's first complaint against him, the trial court held a hearing on the issue of whether he was a court-appointed receiver entitled to immunity, but Considine dismissed that complaint before the trial court ruled. Thus, Murphy argues, even if Considine had been given an opportunity to respond to the motion to dismiss in this case, "it would not have changed the state of the record or the disposition of dismissal." Further, he asserts, the trial court in this case was the trial court that appointed Murphy to be the receiver in the underlying case, and therefore, even if she had been given notice and an opportunity to respond, nothing she could say would have changed the outcome.

The record in this case, however, contains only documents related to the case that was dismissed. "Because this court cannot consider factual allegations in a brief which are not supported by the record, we cannot consider [Murphy's] claims." *D.P.S. Indus. v. Safeco Ins. Co. of Am.*, 210 Ga. App. 289, 290 (1) (435 SE2d 762)

4

(1993). The facts established by the appellate record before us are that Considine filed a complaint, Murphy answered and moved to dismiss the complaint, and the trial court granted the motion without giving Considine notice or an opportunity to respond. Given the record in this case, the trial court erred in ruling on the motion to dismiss less than 30 days after it was filed without giving Considine notice and an opportunity to be heard.[1]

Accordingly, we reverse the trial court's grant of the motion to dismiss and remand for further proceedings consistent with this opinion.

*Judgment reversed. McFadden and McMillian, JJ., concur.*

---

[1]We note that the parties sought to amend the appellate record with documents from the previous case that Considine dismissed, but we denied the motions because those documents were not part of the trial court record in this case.