**FOURTH DIVISION**
**BARNES, P. J.,**
**RAY and MCMILLIAN, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules

**November 20, 2015**

# In the Court of Appeals of Georgia

A15A0863. CHANDLER v. ROHNER.

RAY, Judge.

This is an appeal from the lower court's dismissal of a biological father's appeal from a grant of stepparent adoption. For the reasons that follow, we vacate the trial court's order and remand the case for further proceedings consistent with this opinion.

Appellant Matthew Steven Chandler is the biological father (hereinafter "Biological Father") of two minor boys. The mother's husband, appellee Timothy Stewart Rohner (hereinafter "Adoptive Father"), petitioned for stepparent adoption, which the trial court granted in a detailed and substantive order. Biological Father appealed the adoption to this Court in June 2014, but in September 2014, Adoptive Father moved to dismiss the appeal because Biological Father had failed to pay costs

for transmission of the record and transcript to this Court. The trial court held a hearing on September 11, 2014.

On September 18, 2014, Adoptive Father filed an amended motion to dismiss and a motion for sanctions, arguing that since the hearing, new and important facts had come to light requiring the trial court's consideration. The amended motion included, as an exhibit, an affidavit from the court reporter who prepared the transcript at issue, which was dated after the hearing. The day after the amended motion was filed, and prior to any response from Biological Father, the trial court granted Adoptive Father's motion to dismiss in an order that clearly considered the affidavit and allegations in the amended motion. Biological Father appealed.[1]

1. Biological Father contends that the trial court erred in dismissing his appeal without giving him the opportunity to respond to Adoptive Father's amended motion. We agree.

---

[1] We note that Adoptive Father initially opposed that appeal, as would be expected. However, after obtaining new counsel, Adoptive Father filed a supplemental brief in this Court essentially asking us to reverse the trial court's dismissal of Biological Father's appeal.

We review a trial court's decision on whether to grant or deny a motion to dismiss an appeal for an abuse of discretion. *Battaglia v. Duke*, 230 Ga. App. 667, 669 (497 SE2d 250) (1998). It is well-settled that

> [a] trial court generally should allow a party 30 days to respond to a motion and to any evidence submitted in support thereof. See Uniform Superior Court Rule (USCR) 6.2. . . . A trial court has the discretion to rule before 30 days after the motion was filed; however, it must still afford the plaintiff notice and an opportunity to be heard first.

(Citations and punctuation omitted.) *Considine v. Murphy*, 320 Ga. App. 316, 317-318 (739 SE2d 777) (2013). Here, it is clear from the record that Biological Father had neither notice nor an opportunity to respond to the specific allegations in the amended motion, or to the court reporter's affidavit, both of which post-dated the hearing. As a result, we vacate the trial court's ruling on the motion to dismiss the appeal and remand the case for further proceedings not inconsistent with this opinion.

2. Because of our determination in Division 1, we do not reach the other enumerations of error.

*Judgment vacated and remanded. Doyle, C. J., Andrews, P. J., and Boggs, J., concur; Miller, J., concurs in judgment only. McFadden, J., dissents and Barnes, P. J., concurs in the judgment of the dissent.*

3

A15A0863. CHANDLER v. ROHNER.

MᴄFᴀᴅᴅᴇɴ, Judge, concurring in part and dissenting in part.

I agree that the trial court erred in failing to give the appellant an opportunity to respond to the amended motion to dismiss and supporting affidavit filed by the appellee and consequently that the dismissal of the underlying appeal is unsustainable. But I disagree with the majority about the appropriate disposition of this case. The majority limits itself to an issue two steps removed from the underlying termination of parental rights. The majority does not reach the merits of the dismissal order on appeal, but instead vacates that order and remands for further consideration of the merits of the motion to dismiss. Ordinarily, I would agree that that is what we must do. But in this case the appellee, the adoptive father, now asks us to reverse. The nature and circumstances of this case are such that his unusual request should be granted.

In a supplemental brief to this court, the adoptive father (who appears to speak for the children's mother as well as himself) disavows the tone and substance of his earlier filings. He confesses error and asks us to reverse. He admits in judicio that he

has not been prejudiced – a proposition about which he can speak with authority. And he asserts that the children's best interests would be subserved by prompt review of the merits of the termination of their natural father's parental rights – a proposition about which he is plainly right.

This is the second time we have reversed in this case. *Chandler v. Rohner*, 323 Ga. App. 713, 747 S.E.2d 870 (2013). A review of the briefs in that earlier case suggests that the termination of parental rights may well have been error. Such error is a matter of the utmost seriousness.

> There can scarcely be imagined a more fundamental and fiercely guarded right than the right of a natural parent to its offspring. To terminate that right is to sever that right for the future as effectively in law as if it never had existed. It is a tearing of the flesh and it can be done by the court only under the most carefully controlled and regulated circumstances for the sake of the child.

*Nix v. Dep't of Human Res.*, 236 Ga. 794, 795, 225 S.E.2d 306, 307 (1976).

In the first appeal in this case, we reversed because the trial judge had terminated the natural father's parental rights when termination was not properly before him and had failed to hold an oral hearing before ruling on the natural father's motion for new trial. This time we reverse because the trial court failed to give the

2

natural father notice and opportunity to be heard as to the adoptive father's post-hearing submissions. Remanding to allow the trial court to address the dismissal issue a second time would create the possibility of a third appeal before the merits are reached – and consequently the further possibility that the merits would come to us in a fourth appeal.

Every appeal represents roughly an additional year of litigation. In any sort of case, the prospect of such additional delay would be antithetical to considerations of judicial economy and to the goal of a just and expeditious resolution. And we expedite cases involving child custody and termination of parental rights for good reasons.

It is true generally that trial courts "have a duty which carries with it a commensurate power far greater than that accorded to the appellate courts. 'Ours is a function merely to see that the law is followed. Theirs is the solemn responsibility to see to it that justice is administered according to the evidence as well as the law.' *Mills v. State*, 188 Ga. 616, 623, 4 S.E.2d 453 (1939)." *Ogletree v. Navistar Int'l Transp. Corp.*, 221 Ga. App. 363, 365, 471 S.E.2d 287, 288 (1996). But under the unique circumstances of this case, we have the authority and the duty to see that justice is done and the best interests of these children are subserved.

Consequently the judgment of the trial court should be reversed, the appellee's confession of error should be adopted, and the underlying appeal should be reinstated.

I am authorized to state that Presiding Judge Barnes concurs in the judgment of the dissent.