RAY, Judge.
This is an appeal from the lower court’s dismissal of a biological father’s appeal from a grant of stepparent adoption. For the reasons that follow, we vacate the trial court’s order and remand the case for further proceedings consistent with this opinion.
Appellant Matthew Steven Chandler is the biological father (hereinafter “Biological Father”) of two minor boys. The mother’s husband, appellee Timothy Stewart Rohner (hereinafter “Adoptive Father”), petitioned for stepparent adoption, which the trial court granted in a detailed and substantive order. Biological Father appealed the adoption to this Court in June 2014, but in September 2014, Adoptive Father moved to dismiss the appeal because Biological Father had failed to pay costs for transmission of the record and transcript to this Court. The trial court held a hearing on September 11, 2014.
On September 18, 2014, Adoptive Father filed an amended motion to dismiss and a motion for sanctions, arguing that since the hearing, new and important facts had come to light requiring the trial court’s consideration. The amended motion included, as an exhibit, an affidavit from the court reporter who prepared the transcript at issue, which was dated after the hearing. The day after the amended motion was filed, and prior to any response from Biological Father, the trial court granted Adoptive Father’s motion to dismiss in an order that clearly considered the affidavit and allegations in the amended motion. Biological Father appealed.[1]
1. Biological Father contends that the trial court erred in dismissing his appeal without giving him the opportunity to respond to Adoptive Father’s amended motion. We agree.
We review a trial court’s decision on whether to grant or deny a motion to dismiss an appeal for an abuse of discretion. Battaglia v. Duke, 230 Ga. App. 667, 669 (497 SE2d 250) (1998). It is well settled that
[a] trial court generally should allow a party 30 days to respond to a motion and to any evidence submitted in support thereof. See Uniform Superior Court Rule (USCR) 6.2... .Atrial court has the discretion to rule before 30 days *800 after the motion was filed; however, it must still afford the plaintiff notice and an opportunity to be heard first.
(Citations omitted.) Considine v. Murphy, 320 Ga. App. 316, 317-318 (739 SE2d 777) (2013). Here, it is clear from the record that Biological Father had neither notice nor an opportunity to respond to the specific allegations in the amended motion, or to the court reporter’s affidavit, both of which post-dated the hearing. As a result, we vacate the trial court’s ruling on the motion to dismiss the appeal and remand the case for further proceedings not inconsistent with this opinion.
2. Because of our determination in Division 1, we do not reach the other enumerations of error.

Judgment vacated and case remanded.

Doyle, C. J., Andrews, P. J., and Boggs, J., concur. Miller, J., concurs in judgment only. McFadden, J., dissents. Barnes, P. J., concurs in the judgment of the dissent.

 We note that Adoptive Father initially opposed that appeal, as would be expected. However, after obtaining new counsel, Adoptive Father filed a supplemental brief in this Court essentially asking us to reverse the trial court’s dismissal of Biological Father’s appeal.