**FOURTH DIVISION
BARNES, P. J.,
RAY and MCMILLIAN, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules**

**March 25, 2016**

# In the Court of Appeals of Georgia

A15A2103. SPARRA v. DEUTSCHE BANK NATIONAL TRUST
    COMPANY et. al.

BARNES, Presiding Judge.

Robert Sparra filed this action in Gwinnett County Superior Court against Deutsche Bank National Trust Company, Select Portfolio Servicing, Inc., and Rubin Lubin, LLC, (defendants) asserting claims for wrongful foreclosure, promissory estoppel, Fair Debt Collection Practices Act (FDCPA) violations, declaratory relief, and seeking a temporary restraining order and/or preliminary and permanent injunction, punitive damages, and attorney fees. The trial court granted the defendants' motion to dismiss for failure to state a claim upon which relief can be granted. Sparra now appeals the dismissal of his complaint. For the following reasons, we affirm.

"We review de novo a trial court's determination that a pleading fails to state a claim upon which relief can be granted, construing the pleadings in the light most

favorable to the plaintiff and with any doubts resolved in the plaintiff's favor." (Citation and punctuation omitted.) *Babalola v. HSBC, Bank USA, N.A.*, 324 Ga. App. 750 (751 SE2d 545) (2013).

So viewed, Sparra's complaint alleges that in 2006, Sparra refinanced his home with a loan from Thornburg Mortgage Home Loans, Inc. (Lender) and secured the loan with a security deed which conveyed the property to "Lender and Lender's successors, and assigns, with power of sale." The security deed was assigned to Deutsche Bank National Trust Company (Deutsche) in 2012, while Select Portfolio Services, Inc. (SPS) acted as the loan servicer for Deutsche. In 2013, Sparra approached SPS to modify his loan and was told that he would qualify for a loan modification if he missed his monthly payments and filed for a hardship loan modification. Sparra missed the payments and SPS placed him on a trial payment period for three months during which he was required to make the same monthly payments.

Sparra further alleged in the complaint that after the trial period, SPS told Sparra that if he wanted a fixed-rate, 30-year mortgage modification, he would need to miss two more payments and reapply for the modification. In October 2013, a representative from SPS informed Sparra that she expected the government to deny his hardship loan modification application. Sparra withdrew this application, and instead applied for an

in-house modification with SPS. In November 2013, Sparra received a call from another SPS representative, who told Sparra that his house would be foreclosed on in the first week of December 2013. . A few days later, Sparra asserted, another representative confirmed with Sparra that he would need to pay the mortgage arrears and foreclosure fees within the week to halt the foreclosure sale.

On November 26, 2013, Sparra sent a letter to Lubin Rubin, LLC, the defendants' servicing law firm, to inform them of his intent to pursue a claim against the defendants for wrongful foreclosure. On December 2, 2013, Rubin replied to Sparra that the foreclosure sale was cancelled. Sparra filed the complaint against the defendants on February 4, 2014. Concurrently, the trial court granted Sparra a temporary restraining order against the defendants, prohibiting foreclosure sale of the property during the pendency of the litigation.

On March 7, 2014, the defendants removed the case to the United States District Court for the Northern District of Georgia, based on the federal question arising from Sparra's claim that the defendants violated the FDCPA. On March 12, 2014, the defendants moved to dismiss the complaint for failure to state a claim upon which relief can be granted. Sparra did not respond to the motion until February 3, 2015, after the federal magistrate issued a Report and Recommendation recommending that the

defendants' motions should be granted. Sparra filed an objection to the magistrate's recommendation.

On February 23, 2015, the district court dismissed the FDCPA claim because it found that the defendants were not debt collectors and remanded the state law claims to the trial court. The defendants filed another motion to dismiss for failure to state a claim upon which relief can be granted under OCGA § 9-11-12 (b) (6) on March 11, 2015. On March 25, 2015, the trial court granted the defendants' motion to dismiss, and Sparra then filed a timely appeal.

1. Sparra contends that the trial court erred by dismissing his complaint for failure to state a claim. We disagree.

> A motion to dismiss should not be sustained unless (1) the allegations of the complaint disclose with certainty that the claimant would not be entitled to relief under any state of provable facts in support thereof; and (2) the movant establishes that the claimant could not possibly introduce evidence within the framework of the complaint sufficient to warrant a grant of the relief sought.

(Citation omitted.) *Stewart v. SunTrust Mortgage*, 331 Ga. App. 635, 636 (770 SE2d 892) (2015). To determine if the trial court erred in its ruling, we must look at each claim Sparra alleged in his complaint.

4

(a) *Wrongful foreclosure.* "In Georgia, a plaintiff asserting a claim of wrongful foreclosure must establish a legal duty owed to it by the foreclosing party, a breach of that duty, a causal connection between the breach of that duty and the injury it sustained, and damages." (Punctuation and footnote omitted.) *Gregorakos v. Wells Fargo Nat. Assn.*, 285 Ga. App. 744, 747-748 (2) (647 SE2d 289) (2007). However, as a matter of law, a plaintiff cannot state a claim for wrongful foreclosure when no foreclosure sale has taken place. See *Patel v. JP Morgan Chase Bank, N.A.*, 327 Ga. App. 321, 326 (2) (757 SE2d 460) (2014); *Jenkins v. McCalla Raymer, LLC*, 492 Fed. Appx. 968, 972 (11th Cir. 2012) (concluding that "Georgia law requires a plaintiff seeking damages for wrongful foreclosure to establish that the property at issue was actually sold at foreclosure").

Sparra's home was never actually foreclosed upon, which bars him from recovering damages for a wrongful foreclosure. The defendants cancelled the initial foreclosure sale, and the trial court entered an ex parte temporary restraining order enjoining the foreclosure sale on the day Sparra filed his complaint. Accordingly, the trial court was correct in dismissing this claim because as a matter of law Sparra was not entitled to any damages for wrongful foreclosure.

(b) *Injunctive relief.* Sparra seeks injunctive relief because he alleges the defendants lured him into a false default. Under Georgia law, it is established that "a borrower who has executed a deed to secure debt is not entitled to an injunction against a sale of the property under a power in the deed, unless he first pays or tenders to the creditor the amount admittedly due." *Bravard Fed. Sav. & Loan Assn. v. Ford Mountain Investments.*, 261 Ga. 619, 620-621 (2) (409 SE2d 36) (1991).To seek injunctive relief, Sparra must tender the amount past due under the loan. See *Stewart*, 331 Ga. App. at 640 (6) (affirming a dismissal of claim for injunctive relief because the plaintiff did not tender debt, even though he asserted that the failure resulted from the defendant inducing him to refrain from taking steps to prevent foreclosure).

Sparra argues on appeal that he did tender the amount owed, but did not complete the payment after tendering at the direction of the defendants. However, he does not allege tendering or completing the payments in the complaint but admits to missing the monthly payments, and "he who would have equity must do equity, and give effect to all equitable rights of the other party." (Citation and punctuation omitted.) *Wright v. Intercounty Properties, Ltd.*, 238 Ga. 492, 494 (233 SE2d 160) (1977). Furthermore, the defendants told Sparra that in order to halt the foreclosure

6

proceeding he needed to pay mortgage arrears, and Sparra refused to do so. Accordingly, Sparra is not entitled to injunctive relief.

(c) *Attempted wrongful foreclosure*. Sparra did not expressly plead an attempted wrongful foreclosure claim in his complaint, but he asked the court to liberally construe his complaint as having such a claim. An attempted wrongful foreclosure claim exists when, in the course of a foreclosure action that was not completed, a defendant makes "a knowing and intentional publication of untrue and derogatory information concerning the debtor's financial condition, and damages were sustained as a direct result of the publication." *Aetna Finance Co. v. Culpepper*, 171 Ga. App. 315, 319 (1) (320 SE2d 228) (1984).

To successfully plead a claim for attempted wrongful foreclosure, Sparra would need to allege that the defendants published information about his financial condition that was untrue, but he admits in his complaint that he missed some of his regular mortgage payments. Sparra also does not allege any damages as a result of the foreclosure publication for which he could recover, rendering this claim without merit.

(d) *Promissory estoppel*. Sparra contends that he is entitled to relief under the doctrine of promissory estoppel and that he relied to his detriment on the defendants' promises.

7

> To prevail on a promissory estoppel claim, plaintiffs must show that (1) defendant made certain promises, (2) defendant should have expected that plaintiffs would rely on such promises, (3) the plaintiffs did in fact rely on such promises to their detriment, and (4) injustice can be avoided by enforcement of the promise.

*Canterbury Forest Assn v. Collins*, 243 Ga. App. 425, 428 (2) (532 SE2d 736) (2000).

The first element of promissory estoppel is the defendants' alleged promise. *Mooney v. Mooney*, 245 Ga. App. 780, 783 (538 SE2d 864) (2000). Promissory estoppel does not apply to vague promises and "while the promise need not meet the formal requirements of a contract, it must, nonetheless, have been communicated with sufficient particularity to enforce the commitment." Id.

Here, Sparra alleges that SPS promised to permanently modify his loan and to forego foreclosure if he missed his monthly mortgage payments while the modification was being processed, but then failed to do so. However, SPS never made a promise that they would forgo the foreclosure process if Sparra missed the payments, but told him instead that he would qualify for a loan modification if he missed his payments and withdrew his hardship application. Sparra admits in his complaint that he was "under the *implied understanding* that his home could not be dual-tracked and in the modification process while also being actively foreclosed", indicating that any promise

8

was only implied. Sparra also admits that two SPS representatives informed him of the foreclosure proceeding while his loan modification application was pending, indicating that the defendants did not expect Sparra to rely on any implication.

Furthermore, the representative's statement to Sparra cannot be construed as a promise because she told Sparra that "if he wanted a fixed rate 30 year mortgage modification that he would have to miss two more payments and then reapply for the modification." This statement cannot be seen as an enforceable promise but instead a promise *to consider* granting the loan modification, which is too vague and indefinite to be enforceable. *Ga. Investments Itl Inc. v. Branch Banking & Trust Co.*, 305 Ga. App. 673, 675-676 (1) (700 SE2d 662) (2010). Therefore, Sparra cannot recover under the theory of promissory estoppel.

(e) *Declaratory judgment*. Sparra asks the court to grant a declaratory judgment that "defendants ha[ve] no legal or equitable rights in the Security Deed or the Property. . .and that said defendant has no legal standing to institute or maintain a non-judicial foreclosure."

> A declaratory judgment is authorized when there are circumstances showing a necessity for a determination of the dispute to guide and protect plaintiff from uncertainty and insecurity with regard to the propriety of some future act or conduct, which is properly incident to his

9

alleged rights and which if taken without direction might reasonably jeopardize his interest.

(Footnote omitted.) *Airport Auth. of City of St. Marys v. City of St. Marys*, 297 Ga. App. 645, 647-648 (678 SE2d 103) (2009).

The pleadings make clear that Sparra is not entitled to the declaration that he seeks. As assignor of the security deed from the original lender, the defendants have a right in the security deed and attached property, and the standing to institute a non-judicial foreclosure sale. See *You v. JP Morgan Chase Bank*, 293 Ga. 67, 71-74 (1) (743 SE2d 428) (2013).

(f) *Punitive damages and attorney fees*. Sparra also asks for both punitive damages and attorney fees under OCGA § 13-6-11. However, Sparra is not entitled to either because he has failed to state a claim upon which relief could be granted with respect to his substantive claims for relief. *Martin v. Martin*, 267 Ga. App. 596, 598 (2) (600 SE2d 682) (2004) ("damages cannot be awarded in the absence of any finding of compensatory damages"); *Davis v. Johnson*, 280 Ga. App. 318, 320 (634 SE2d 108) (2006) ("Attorney's fees and expenses under OCGA § 13-6-11, . . . are ancillary and recoverable only where other elements of damage are recoverable on the underlying claim").

10

2. Sparra also contends that the trial court erred in issuing the order granting the defendants' motion to dismiss without allowing Sparra 30 days to respond pursuant to Uniform Superior Court Rule (USCR) 6.2. Rule 6.2 requires a party opposing a motion to file their response within 30 days. Defendants filed their motion to dismiss on March 11, 2015, and the trial court issued the order granting the motion to dismiss 16 days later on March 27, 2015.

"[W]here evidence is not required, a court has the discretion to rule on the motion to dismiss before the thirty days anticipated by USCR 6.2 for a response to be filed expires." *Phillips v. McCroskey*, 234 Ga. App. 87, 88 (2) (506 SE2d 388) (1998). See *Charles H. Wesley Ed. Foundation. v. State Election Bd.*, 242 Ga. 707, 708 (1) (654 SE2d 127) (2007) (finding that dismissal of the complaint before 30 days passed "was nevertheless proper if it failed to state a claim upon which relief could be granted, as evidence was not required for the trial court to make that alternative determination").

Sparrra cites *Considine v. Murphy*, 320 Ga. App. 316, 318 (739 SE2d 777) (2013), where we concluded that "[g]iven the record in this case, the trial court erred in ruling on the motion to dismiss less than thirty days after it was filed without giving [the non-movant] notice and an opportunity to be heard." However in *Considine*, the

11

trial court considered matters outside of the pleadings, and dismissed the complaint two days after the motion was filed. Id at 315. Because the trial court essentially converted the motion to dismiss into a motion for summary judgment, it erred by not giving the non-movant an opportunity to respond. *Considine*, 320 Ga. App. at 318 (concluding that when ruling on a motion for summary judgment the non-movant must have 30 days to present evidence showing the existence of a genuine issue of material fact).

Here, the trial court looked strictly at the complaint and dismissed for failure to state a claim upon which relief could be granted, without considering matters outside the pleadings. Accordingly, we find this error of enumeration to be without merit.

*Judgment affirmed. Ray, J., concurs. McMillian, J., concurs in Divisions 1 (a), (b), (c), (e), (f), and 2 and in judgment only as to Division 1 (d).*