**FIFTH DIVISION**
**PHIPPS, P. J.,**
**DILLARD and PETERSON, JJ.**

**NOTICE: Motions for reconsideration must be**
***physically received*** **in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**June 8, 2016**

# In the Court of Appeals of Georgia

A16A0289. HUMPHREY v. JP MORGAN CHASE BANK, N. A.
 et al.

PHIPPS, Presiding Judge.

Virgil Humphrey sued JP Morgan Chase Bank, N. A. ("Chase") and the law firm of Martin & Brunavs ("M&B") for damages allegedly arising from the initiation of foreclosure proceedings on certain property. The trial court granted Chase's motion to dismiss and entered summary judgment for M&B. Humphrey appeals both rulings. For reasons that follow, we affirm the grant of summary judgment to M&B, but reverse the dismissal of Humphrey's claims against Chase.

1. We will first address the summary judgment ruling. Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a

matter of law."[1] We review the grant of summary judgment de novo, construing the evidence and all reasonable inferences and conclusions drawn from it in the light most favorable to the non-movant.[2]

So viewed, the record shows that Washington Mutual Bank loaned Humphrey $136,000 in 2005. To secure the loan, Humphrey granted Washington Mutual a security interest in a parcel of property he owned in Paulding County. Washington Mutual was subsequently closed, and, in 2008, Chase purchased its assets. Chase later assigned the security deed relating to Humphrey's property to Wells Fargo Bank, N. A., but remained as servicer of the indebtedness.

In 2012, Humphrey sued Chase, Washington Mutual, and another entity in federal court, alleging that (1) the security deed he had originally granted to Washington Mutual was invalid; (2) the defendants enjoyed no rights under the deed and underlying promissory note; (3) given the invalidity of the deed, any foreclosure proceedings commenced pursuant to it would be wrongful; and (4) the defendants had fraudulently demanded and collected payments on the indebtedness from Humphrey. At Humphrey's request, the federal court dismissed the suit without prejudice on June

---

[1] OCGA § 9-11-56 (c).

[2] See *Morrow v. Angkawijana, LLC*, 327 Ga. App. 1 (755 SE2d 561) (2014).

6, 2013. A few months later, Humphrey filed a new lawsuit against Washington Mutual, a Chase entity, and other defendants in the Superior Court of Paulding County, again alleging that the defendants lacked a valid security interest in the property and thus had no standing to foreclose. It appears that the second lawsuit was removed to federal court, and Humphrey voluntarily consented to its dismissal in March 2014.

On July 24, 2014, M&B, as counsel for Chase, sent Humphrey a Notice of Acceleration and Foreclosure, informing Humphrey that his indebtedness had been declared due in full for failure to pay, that Chase had retained M&B to commence foreclosure proceedings against the property, and that a foreclosure sale would be conducted on September 2, 2014. Less than a week before the scheduled foreclosure sale, Humphrey filed this lawsuit against Chase and M&B. The complaint focused primarily on the sufficiency of the July 24 foreclosure notice, asserting that the notice failed to meet applicable statutory and security deed requirements. Based on these alleged failings, Humphrey claimed that the defendants had (1) wrongfully commenced foreclosure proceedings; (2) interfered with his property rights; (3) committed a Georgia RICO violation; (4) defrauded him; and (5) converted his

3

personal property. He further claimed that Chase had breached the security deed's contractual terms governing notice and debt acceleration.

M&B moved for summary judgment as to all claims against it. In support, it provided copies of the July 24, 2014 Notice of Acceleration and Foreclosure, as well as the Notice of Sale Under Power that M&B had submitted for publication in anticipation of the foreclosure sale. M&B also offered evidence that it had never completed a foreclosure on the property and did not have a contractual relationship with Humphrey.

The trial court granted summary judgment to M&B. Humphrey now appeals, arguing that issues of fact remain as to wrongful foreclosure and breach of contract.[3] We disagree.

---

[3] The trial court granted summary judgment to M&B on all claims, including Humphrey's claims for fraud, RICO violation, interference with property rights, and conversion. Humphrey's appellate brief, however, presents argument and citation of authority only with respect to the wrongful foreclosure and breach of contract claims. To the extent Humphrey's enumerated error alleges that the trial court erred in granting summary judgment on his other claims, that allegation has been abandoned. See *Harris Ins. Agency v. Tarene Farms*, 293 Ga. App. 430, 431, n.1 (667 SE2d 200) (2008); *Udoinyion v. Re/Max of Atlanta*, 289 Ga. App. 580, 584 (657 SE2d 644) (2008); see also Ct. App. R. 25 (c) (2) ("Any enumeration of error which is not supported in the brief by citation of authority or argument may be deemed abandoned.").

(a) *Wrongful Foreclosure.* To support an action for wrongful foreclosure, a claimant "must establish a legal duty owed to it by the foreclosing party, a breach of that duty, a causal connection between the breach of that duty and the injury it sustained, and damages."[4] The claimant must also show that a foreclosure sale occurred. As we recently noted, "as a matter of law, a plaintiff cannot state a claim for wrongful foreclosure when no foreclosure sale has taken place."[5]

M&B presented evidence that it never held a foreclosure sale on the property, undermining the wrongful foreclosure claim.[6] Humphrey does not dispute this evidence or contend that the sale took place. Instead, he now argues that his allegations should be viewed as a claim for wrongful *attempted* foreclosure. It is true that Georgia law recognizes separate causes of action for wrongful foreclosure and wrongful attempted foreclosure.[7] But Humphrey's complaint clearly referenced

---

[4] *Sparra v. Deutsche Bank Nat. Trust Co.*, ___ Ga. App. ___ (1) (a) (Case No. A15A2103, decided March 25, 2016).

[5] Id. (citations and punctuation omitted).

[6] See id.

[7] See id. at 1 (a) & 1 (c).

5

wrongful foreclosure, rather than an attempted foreclosure.[8] And although M&B asserted below that the wrongful foreclosure allegation could not succeed because no foreclosure had occurred, Humphrey did not respond to M&B's summary judgment motion or otherwise argue before the trial court that he was alleging a wrongful attempted foreclosure claim.

"It is well settled [that] appellate courts will not consider new arguments in opposition to a motion for summary judgment raised for the first time on appeal."[9] As explained by our Supreme Court, "[t]o consider the case on a completely different basis from that presented below would be contrary to the line of cases holding, 'He must stand or fall upon the position taken in the trial court.'"[10] We will not, therefore, consider Humphrey's assertions regarding wrongful *attempted* foreclosure. Moreover, given the undisputed evidence that the foreclosure originally scheduled for September

---

[8] His claim for relief, for example, set forth the elements of wrongful foreclosure. And he asserted that Chase and M&B improperly "*exercised* the power of sale contained in the . . . security deed" and conducted an invalid "non-judicial foreclosure upon" his property. (emphasis supplied).

[9] *Morrow*, supra at 4 (1), n. 2 (citations and punctuation omitted). See also *Jones v. Equip. King Intl.*, 287 Ga. App. 867, 869 (1) (652 SE2d 811) (2007) ("We will not reverse an award of summary judgment based on an argument raised for the first time on appeal.").

[10] *Pfeiffer v. Dept. of Transp.*, 275 Ga. 827, 829 (2) (573 SE2d 389) (2002) (punctuation and footnote omitted).

2, 2014, did not take place, the trial court properly granted M&B summary judgment on the wrongful foreclosure claim.[11]

(b) *Breach of Contract*. Humphrey also argues that questions of fact remain as to breach of contract. Humphrey's complaint, however, did not assert a breach of contract claim against M&B. On the contrary, the complaint alleged that Humphrey had a contractual relationship with Chase and that Chase breached the contract by "failing to abide by the terms of the security deed." All of the contractual assertions related to Chase, rather than M&B.

Furthermore, M&B presented evidence – not disputed by Humphrey below or on appeal – that it never entered into a contract with Humphrey. To the extent the complaint could be construed as alleging a breach of contract claim against M&B, therefore, the trial court properly granted summary judgment to the law firm.[12]

2. The trial court erred, however, in dismissing Humphrey's claims against Chase. The record shows that Chase moved to dismiss the complaint, asserting that

---

[11] See *Sparra*, supra (because home was never foreclosed upon, plaintiff's claim for wrongful foreclosure failed as a matter of law).

[12] See *Winterchase Townhomes v. Koether*, 193 Ga. App. 161, 164 (4) (387 SE2d 361) (1989) (defendant who was not a party to contract is not liable for its breach).

it was barred by res judicata and failed to state a claim upon which relief could be granted. The trial court rejected the failure to state a claim argument, but agreed with Chase that res judicata precluded Humphrey's claims. We review this ruling de novo.[13]

The doctrine of res judicata "prevents the re-litigation of all claims which have already been adjudicated, or which could have been adjudicated, between identical parties or their privies in identical causes of action."[14] Before res judicata applies, therefore, three prerequisites must be met: "(1) identity of the cause of action, (2) identity of the parties or their privies, and (3) previous adjudication on the merits by a court of competent jurisdiction."[15] Humphrey argues that Chase did not meet the first requirement – identity of cause of action. We agree.

According to Chase, Humphrey's decision to voluntarily dismiss his two prior federal-court cases relating to the security deed bars this lawsuit.[16] The allegations

---

[13] See *Burrowes v. Tenet Healthsystem GB*, 319 Ga. App. 389, 390 (735 SE2d 131) (2012).

[14] *McKissick v. Aydelott*, 307 Ga. App. 688, 692 (2) (705 SE2d 897) (2011).

[15] Id. (footnote omitted).

[16] See Fed. R. Civ. P. 41 (a) (1) (B) ("Unless the notice or stipulation [of voluntary dismissal] states otherwise, the dismissal is without prejudice. But if the plaintiff previously dismissed any federal- or state-court action based on or including

8

asserted in the current complaint, however, primarily arose from events occurring *after* Humphrey dismissed the previous actions in June 2013 and March 2014. Specifically, he alleged that the July 2014 foreclosure notice and resulting foreclosure proceedings were legally insufficient and did not meet the requirements of the security deed. These claims could not have been raised in the prior lawsuits because the underlying circumstances had not yet occurred. Res judicata, therefore, does not preclude the claims, and the trial court erred in granting Chase's motion to dismiss.[17]

On appeal, Chase argues that even if res judicata does not apply, the trial court properly dismissed Humphrey's claims because the evidence supporting M&B's summary judgment motion also authorized dismissal. In essence, Chase asks us to consider evidence outside the pleadings, convert its motion to dismiss into a request

---

the same claim, a notice of dismissal operates as an adjudication on the merits."); OCGA § 9-11-41 (a) (3) (A voluntary dismissal "is without prejudice, except that the filing of a second notice of dismissal operates as an adjudication upon the merits.").

[17] See *Glen Oak v. Henderson*, 258 Ga. 455, 458 (2) (c) (369 SE2d 736) (1988) (a judgment cannot be res judicata as to liabilities arising after the judgment); *Simmons v. Regions Bank*, 255 Ga. App. 824, 828 (3) (567 SE2d 49) (2002) (claim regarding bank's alleged tortious conduct during 2001 foreclosure proceedings not barred by prior suit that was resolved before the foreclosure). We express no opinion on whether collateral estoppel bars re-litigation of any particular issues raised in the federal lawsuits. See *Cost Mgmt. Group v. Bommer*, 327 Ga. App. 164, 168 (1) (755 SE2d 537) (2014) (discussing difference between res judicata and collateral estoppel).

for summary adjudication, and enter judgment in its favor.[18] This we decline to do.

Chase did not file – and the trial court never ruled on – a motion for summary judgment as to the claims against it. We cannot sua sponte grant summary judgment to Chase on appeal.[19]

*Judgment affirmed in part and reversed in part. Dillard and Peterson, JJ., concur.*

---

[18] See *Trop, Inc. v. City of Brookhaven*, 296 Ga. 85, 89 (2) (764 SE2d 398) (2014) ("[I]f matters outside the pleadings were presented to the trial court, which then considered these matters as it resolved the case, then a reviewing court is required to treat the resulting trial court's order as a ruling on a motion for summary judgment.").

[19] See *Post Realty Assoc. v. DSL Assoc.*, 228 Ga. App. 678, 681 (2) (492 SE2d 600) (1997) ("This is a court for correction of errors below. In the absence of a ruling by the trial court, this Court has nothing to review."). We recognize that the trial court considered various federal pleadings and other documents when ruling on Chase's motion to dismiss. Chase, however, attached these documents to its amended answer, and they became part of the pleadings. See OCGA § 9-11-10 (c) ("A copy of any written instrument which is an exhibit to a pleading is a part thereof for all purposes."); *Trop*, supra (documents attached to answer were part of the pleading). "Consideration of these exhibits to the pleadings did not convert the motion to dismiss into a motion for summary judgment." Id.