**THIRD DIVISION**
**DOYLE, P. J.,**
**REESE, J., and SENIOR APPELLATE JUDGE PHIPPS**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

**May 3, 2022**

# In the Court of Appeals of Georgia

A22A0416. FALCONE GLOBAL SOLUTIONS LLC. v. FORBO FLOORING B. V.

DOYLE, Presiding Judge.

Falcone Global Solutions, LLC, brought this action in superior court against Forbo Flooring B. V., which is based in the Netherlands. The superior court dismissed the action, and Falcone now appeals, contending that a federal court's prior ruling of lack of long-arm personal jurisdiction over Forbo in Georgia does not bar the present litigation filed in a Georgia superior court. Because the federal court competently determined the issue of long-arm jurisdiction as to Forbo in Georgia for purposes of this litigation, we affirm the superior court's dismissal.

The issue before us presents a question of law, which we review de novo.[1] The record shows that Falcone is a shipping company based in Georgia, and Forbo is a flooring company with its principal place of business in the Netherlands. After a business dispute arose, Falcone sued Forbo in November 2019 in the United States District Court for the Northern District of Georgia, invoking the court's diversity jurisdiction based on personal jurisdiction over Forbo under Georgia's Long Arm Statute.[2] The same month, Forbo moved to dismiss the action, in part on the ground that the court lacked personal jurisdiction over Forbo under the Long Arm Statute. In July 2020, after considering the parties' briefs and undergoing a thorough analysis of the issue, the district court concluded that Falcone failed to demonstrate personal jurisdiction under the Long Arm Statute and that subjecting Forbo to suit in Georgia

---

[1] See *Humphrey v. JP Morgan Chase Bank, N.A.*, 337 Ga. App. 331, 334 (2) (787 SE2d 303) (2016).

[2] OCGA § 9-10-91. See also *Diamond Crystal Brands, Inc. v. Food Movers Intl.*, 593 F3d 1249, 1257-1258 (III) (A) (11th Cir. 2010) ("A federal court sitting in diversity undertakes a two-step inquiry in determining whether personal jurisdiction exists: the exercise of jurisdiction must (1) be appropriate under the state long-arm statute and (2) not violate the Due Process Clause of the Fourteenth Amendment to the United States Constitution. When a federal court uses a state long-arm statute, because the extent of the statute is governed by state law, the federal court is required to construe it as would the state's supreme court.") (citations and punctuation omitted). Falcone also alleged that Forbo consented to personal jurisdiction by contract. This assertion was addressed and rejected by the district court.

2

would violate minimum contact standards under the Due Process Clause of the United States Constitution.[3] Falcone unsuccessfully moved for reconsideration, but it did not appeal the dismissal.

In October 2020, Falcone filed the instant action against Forbo in the Superior Court of Fulton County, again asserting personal jurisdiction under Georgia's Long Arm Statute. The second complaint alleged claims predicated on the same underlying transactions at issue in the first action. Forbo moved to dismiss the claims in the superior court, asserting that the issue of long-arm personal jurisdiction had been determined by the federal district court and was binding on the present action. Falcone opposed the motion, and after considering the parties' briefing, the superior court ruled that the district court's prior dismissal operated as "res judicata on the issue of personal jurisdiction and bars further litigation of these claims in any Georgia court." Falcone now appeals.

Falcone contends that the superior court erred because the district court's dismissal was not a final judgment on the merits such that it could not re-file the

---

[3] See generally *Intl. Shoe Co. v. Washington*, 326 U. S. 310, 319 (66 SCt 154, 90 LEd 95) (1945).

3

action. Because the district court's dismissal was a final determination of the issue of personal jurisdiction presented in this case, we disagree.

As a threshold matter, we note that

[t]he preclusive effect in state court of a federal court judgment . . . is determined by federal common law. . . . If[, as here,] the federal decision was rendered under diversity jurisdiction, however, federal common law looks to the law of the state where the district court sits to determine the preclusive effect of the case, unless such state law is incompatible with federal interests in the case.[4]

Accordingly, because the district court sat in Georgia, we look to Georgia law to determine the preclusive effect of the district court's ruling.[5]

Georgia courts have consistently held that a prior ruling on a question of personal jurisdiction, if properly raised by the parties and addressed by a competent court as to that question, precludes relitigation of that issue between the same parties in a subsequent action on the same matters.[6] Thus,

---

[4] (Citations and punctuation omitted.) *Ames v. JP Morgan Chase Bank, N.A.*, 298 Ga. 732, 736 (2) (783 SE2d 614) (2016).

[5] See id.

[6] See, e.g, *Amerireach.com, LLC v. Walker*, 290 Ga. 261, 263 (1) (719 SE2d 489) (2011) ("A judgment is entitled to full faith and credit — even as to questions of jurisdiction — when the second court's inquiry discloses that those questions have

[if] the issue of jurisdiction was raised in the foreign court and decided against a party, the party cannot collaterally attack the foreign court's determination. The doctrine of res judicata makes a prior judgment conclusive between the parties and their privies as to all matters put in issue or that might have been put in issue.[7]

Falcone's characterization of the district court's dismissal as without prejudice does not change this result, nor does its reliance on Federal Rule of Civil Procedure 41 (b)[8] with respect to the district court proceeding. It is true that the merits of Falcone's substantive claims have not been decided, and those claims are not precluded by the district court decision. But the district court did decide the issue of

---

been fully and fairly litigated and finally decided in the court which rendered the original judgment.") (punctuation omitted); *Tandy Computer Leasing v. Bennett's Svc. Co.*, 188 Ga. App. 594, 595 (373 SE2d 647) (1988) ("[If] the question of jurisdiction is raised in the foreign court and decided adversely to a party, he may not collaterally attack this determination.") (punctuation omitted); *Green Acres Discount, Inc. v. Freid & Appell, Inc.*, 135 Ga. App. 816, 819 (219 SE2d 39) (1975) (same).

[7] *Johnson v. Equicredit Corp.*, 238 Ga. App. 380, 381 (1) (517 SE2d 353) (1999).

[8] Rule 41 (b) provides: "If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule — except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19 — operates as an adjudication on the merits."

5

personal jurisdiction over Forbo in Georgia, and that decision precludes relitigation of that issue in this case.[9]

Likewise, Falcone's focus on the distinction between res judicata (claim preclusion) and collateral estoppel (issue preclusion) is unavailing.

> The doctrine of res judicata prevents the re-litigation of all claims which have already been adjudicated, or which could have been adjudicated, between identical parties or their privies in identical causes of action. Three prerequisites must be satisfied before res judicata applies — (1) identity of the cause of action, (2) identity of the parties or their privies, and (3) previous adjudication on the merits by a court of competent jurisdiction.

> On the other hand, the related doctrine of collateral estoppel precludes the re-adjudication of an issue that has previously been litigated and adjudicated on the merits in another action between the same parties or their privies. Like res judicata, collateral estoppel requires the identity of the parties or their privies in both actions. However, unlike res judicata, collateral estoppel does not require identity of the claim — so

---

[9] See, e.g., *Matosantos Commercial Corp. v. Applebee's Intl., Inc.*, 245 F3d 1203, 1209 (III) (A) (2) (10th Cir. 2001) ("Although a dismissal for lack of jurisdiction does not bar a second action as a matter of claim preclusion, it does preclude relitigation of the issues determined in ruling on the jurisdiction question. The provision in Rule 41(b) that dismissal for lack of jurisdiction does not operate as an adjudication on the merits is not intended to change this result.") (punctuation omitted).

long as the issue was determined in the previous action and there is identity of the parties, that issue may not be re-litigated, even as part of a different claim.[10]

The superior court ruled that the district court's ruling was "res judicata on the issue of personal jurisdiction." Thus, nomenclature aside, the superior court's ruling was clear and correct: Falcone cannot now attack the district court's personal jurisdiction ruling in a new action.

Based on the record and procedural history in this case, the superior court correctly dismissed Falcone's present action.

*Judgment affirmed. Reese, J., and Senior Appellate Judge Herbert E. Phipps concur.*

---

[10] (Citation and punctuation omitted.) *Body of Christ Overcoming Church of God, Inc. v. Brinson*, 287 Ga. 485, 486 (696 SE2d 667) (2010).