## A02A1206. MORRISON v. DERDZIAK.
(564 SE2d 500)

ELDRIDGE, Judge.

This is an appeal from the dismissal of Abraham Morrison's appeal to a jury in the Superior Court of Marion County with regard to Mildred Gail Bulloch Derdziak's petition for a right-of-way across Morrison's property.[1] The facts are as follows.

---

[1] The petition was originally filed by James O. Bulloch who died during the pendency of this action; Ms. Derdziak, the administrator of Mr. Bulloch's estate, was substituted as con-

On May 27, 1999, an evidentiary hearing was held in superior court on Derdziak's petition. Therein, Derdziak declared and put forward evidence showing that necessity required the granting of a right-of-way across Morrison's property as such was allegedly the only method of egress from and ingress to Derdziak's property. Morrison put forward evidence showing that Derdziak had long used an alternate means to reach her property, i.e., an approximately three-mile-long dirt road that connected her property to Highway 41, and thus a right-of-way across Morrison's property was not a matter of necessity.

On July 1, 1999, the superior court filed an order approving Derdziak's petition for right-of-way and specifically naming two assessors to determine the issue of compensation for such right-of-way. However, on July 6, 1999, the parties and the assessors reached an agreement that $1,500 was an appropriate award for the property, because "it wasn't worth arguing about." No findings were made by the assessors reflecting $1,500 as appropriate compensation for the right-of-way, and no award was filed and recorded in the superior court. Notwithstanding, on July 5, 1999, Derdziak paid $1,500 into the court's registry and constructed the roadway with a locked gate on Morrison's property.

Morrison learned that the roadway had been constructed on his property. On July 30, 1999, Morrison filed his notice of appeal to a jury with regard to the court's July 1, 1999 order authorizing a right-of-way out of necessity and naming assessors. Derdziak filed a motion to dismiss, contending that the evidentiary hearing held in the superior court was a bench trial, and the court's finding that the petition authorized a right-of-way by necessity was a final judgment capable of direct appeal; Derdziak thus claimed that any issues with regard to the necessity of a right-of-way were res judicata in superior court. The court below agreed, finding, "the decision of the Superior Court of Marion County in this case regarding the necessity of the private way across the lands of the condemnee is res judicata and is not subject to appeal to the Superior Court of Marion County." Accordingly, the court dismissed Morrison's appeal to a jury. *Held*:

1. The evidentiary hearing in superior court to determine whether a right-of-way through Morrison's property was authorized by necessity was not a "bench trial." And, contrary to Derdziak's contentions, simply because the title page of the transcript identifies such as a "bench trial," and the court below once used the word "trial" does not change the nature of the proceeding as prescribed by stat-

---

demnor. For consistency, Derdziak's name has been substituted for Bulloch's throughout this opinion.

ute. The procedures for obtaining "a private way over the land of a stranger, . . . provided by the Code, § 85-1401 [now OCGA § 44-9-1] from 'compulsory purchase, and sale through the [superior court]' under the procedure of §§ 83-101 et seq. [now OCGA § 44-9-40 et seq.]"[2] are in derogation of common law "and must be strictly limited to the meaning of the language used, and not extended beyond the plain and explicit statutory terms."[3] As such, under the plain language of the statute, the hearing held in superior court was a show cause hearing wherein the burden was on the respondent to show why a right-of-way should not be granted based on the declaration of necessity put forth in the petition.[4]

> Upon the filing of the petition for condemnation, the judge of the superior court, after taking into consideration the requirements of service provided for in Code Section 44-9-41, shall make and enter up an order requiring the owner or owners of the property to show cause before him on a day certain as to why the easement for private way should not be condemned.[5]

When — according to the superior court — Morrison failed to show that a right-of-way should not be granted out of necessity, the court correctly submitted the issue of compensation for such private way to a board of assessors named in the court's order.[6] Thereafter, perhaps because an agreement was reached on the numeric value of the compensatory award, no notice of findings was made by the assessors, and no award was filed and recorded in the office of the clerk of the superior court.[7] But even in the face of an "agreement" as to the amount of the assessors' award, these statutorily mandated actions must be taken before a right-of-way may be granted.[8] And it is from the assessors' award, properly filed and recorded with the clerk of

---

[2] (Citations omitted.) *Calhoun v. Ozburn*, 186 Ga. 569, 571-572 (3) (198 SE 706) (1938).

[3] (Citation omitted.) *Kirsch v. Meredith*, 211 Ga. App. 823, 825 (440 SE2d 702) (1994).

[4] See OCGA § 44-9-40 (b) ("The filing of the petition shall be deemed to be the declaration of necessity.").

[5] OCGA § 44-9-43.

[6] OCGA §§ 44-9-42; 44-9-43.

[7] See OCGA § 44-9-43 (with regard to establishing compensation for a right-of-way, "the hearing before the board of assessors, together with the assessment of damages by them, shall be as is provided for in Part 4 of Article 1 of Chapter 2 of Title 22"). In that regard, see OCGA §§ 22-2-64 (entry of notice of findings by assessors); 22-2-65 (assessors' award shall be filed and recorded in the office of the clerk of the superior court).

[8] Derdziak by brief asserts that such agreement was a "stipulation"; however, the record contains no distinct and formal admission that $1,500 was indeed a correct compensatory amount so as to be considered a "stipulation" of such fact. Instead, it appears that an agreement was reached in order to avoid argument and expedite an appeal to the jury with regard to the award and the necessity of such.

court, that an appeal to a jury in superior court lies: "Either party shall have the right to appeal from the award of the board of assessors to a jury in the superior court."[9] Absent the filing and recording of the assessors' award, the time is not ripe for the filing of an appeal under OCGA § 44-9-44 in that such appeal must be filed within ten days of the filing and recording of the award.[10]

Accordingly, the court below did not err in dismissing Morrison's notice of appeal to a jury in superior court, although not for the reasons stated in the court's order. Instead, Morrison's notice of appeal was premature as filed prior to the filing and recording of the vehicle by which such appeal may lie, i.e., the award of the assessors.[11] We remand this case for the filing and recording of the assessors' award pursuant to OCGA §§ 44-9-43, 22-2-64, and 22-2-65.[12] We note as we do so that a notice of appeal to a jury in superior court filed by Morrison within ten days of the filing and recording of the assessors' award would be timely.[13]

2. In the event an appeal is filed following the entry and recording of the assessors' award in this case, it is important to recognize that the statutory scheme permitting an appeal to a superior court jury from a right-of-way award also contemplates that "If an issue is made by pleadings filed by any defendant regarding the condemnor's *right* to have a private way established . . . , such issues shall likewise be determined by the jury."[14] Thus, the legislature intended that the jury in a right-of-way appeal should consider more than simply "value."[15] Clearly, OCGA § 44-9-46 on its face permits a jury to also determine whether a petitioner has a legal *right* to have a private way. "[U]nder Title 44, the width or location of the private way can be

---

[9] OCGA § 44-9-44; *Cline v. McMullan*, 263 Ga. 321 (431 SE2d 368) (1993).

[10] See OCGA § 44-9-44 (appeals as to assessors' award in right-of-way cases controlled "by Part 5 of Article 1 of Chapter 2 of Title 22"). In that regard, see OCGA § 22-2-80 (an appeal from the assessors' award must be filed ten days from the time the award is filed); *Cline v. McMullan*, supra at 322 (appeal from assessors' award in right-of-way cases must be made within ten days from the time the award is filed).

[11] Morrison's filing of a notice of appeal prior to the return of the assessors' award in superior court was as premature as Derdziak's building of a road on Morrison's property prior to a final judgment granting a right-of-way thereon.

[12] See *Landers v. Ga. Public Svc. Comm.*, 217 Ga. 804, 810 (4) (125 SE2d 495) (1962) (OCGA § 22-2-65 requiring the filing of an assessors' award within ten days of its making is directory only and delay in recordation does not affect the validity of the award).

[13] Although Derdziak already tendered $1,500 into the court's registry pursuant to the award "agreement," such will not affect Morrison's right to appeal from a properly filed and recorded award. OCGA § 22-2-82 (tendering an award to the court shall not prevent either party from prosecuting an appeal).

[14] (Emphasis supplied.) OCGA § 44-9-46.

[15] Compare, e.g., *City of Savannah Beach v. Thompson*, 135 Ga. App. 63, 65 (2) (217 SE2d 304) (1975) (in condemnation award under Title 22, an appeal to the superior court jury is on the issue of value and damages alone).

altered or even the necessity of the private way can be denied by the jury on appeal."[16]

Contrary to Derdziak's contentions, because the evidentiary hearing held before the superior court was a show cause hearing and not a trial culminating in a final judgment, there is no issue of res judicata and the court's findings therein were not susceptible to direct appeal as a "final judgment." A final judgment with regard to a petition for right-of-way is entered after the assessors' award is returned, appeals have been exhausted, and compensation is paid: "a final judgment cannot be entered until all appeals are completed and compensation has been paid."[17] Indeed, "we hold that no property right is taken from a property owner, nor vested in a private way petitioner, until after all of the rights have been finally established, the compensation is paid and the court makes such a 'grant' by final judgment,"[18] and "the granting of a private way does not occur until appeals have been exhausted."[19]

*Judgment vacated and case remanded for proceedings not inconsistent with this opinion. Smith, P. J., and Ellington, J., concur.*

DECIDED APRIL 16, 2002.

*Dock H. Davis*, for appellant.
*Tyron C. Elliott, John W. Johnson*, for appellee.

