S12A0852, S12X0973. STATE OF GEORGIA v. SINGH et al.;
and vice versa.
(731 SE2d 649)

BENHAM, Justice.

The State of Georgia ex rel. Tracy Graham-Lawson, District Attorney for the Clayton County Judicial Circuit, filed an in personam action pursuant to OCGA § 16-14-6 (b)[1] of the Georgia Racketeer Influenced and Corrupt Organizations Act (Georgia RICO Act), OCGA § 16-14-1 et seq., against Hargurtag Singh and his company Rajan Singh, LLC (collectively, "Singh"), seeking equitable relief afforded by OCGA § 16-14-6 (a) (1)-(4), including injunctive relief to stop the alienation of Singh's property and the appointment of a receiver over Singh's business and property.[2] The complaint also sought the forfeiture of certain property as defendants in rem pursuant to OCGA § 16-14-7. As the basis for relief, the State's complaint alleged that Singh was engaging in illegal gambling activity at its Clayton County business, Pure Gas Station, by paying out cash winnings to persons who played electronic gaming devices located in the Pure Gas convenience store. The State also alleged that the business was an underground commercial gambling establishment as defined by OCGA § 16-14-3 (9) (A) (xvii). On the same day the action was brought, the trial court granted the State's request that cash and equipment be seized and that certain assets be frozen; granted the State's request for a temporary restraining order; and

---

[1] OCGA § 16-14-6 (b) provides:

Any aggrieved person or the state may institute a proceeding under subsection (a) of this Code section. In such proceeding, relief shall be granted in conformity with the principles that govern the granting of injunctive relief from threatened loss or damage in other civil cases, provided that no showing of special or irreparable damage to the person shall have to be made. Upon the execution of proper bond against damages for an injunction improvidently granted and a showing of immediate danger of significant loss or damage, a temporary restraining order and a preliminary injunction may be issued in any such action before a final determination on the merits.

[2] OCGA § 16-14-6 (a) (1)-(4) provides:

Any superior court may, after making due provisions for the rights of innocent persons, enjoin violations of Code Section 16-14-4 by issuing appropriate orders and judgments including, but not limited to:

(1) Ordering any defendant to divest himself of any interest in any enterprise, real property, or personal property;

(2) Imposing reasonable restrictions upon the future activities or investments of any defendant including, but not limited to, prohibiting any defendant from engaging in the same type of endeavor as the enterprise in which he was engaged in violation of Code Section 16-14-4;

(3) Ordering the dissolution or reorganization of any enterprise;

(4) Ordering the suspension or revocation of any license, permit, or prior approval granted to any enterprise by any agency of the state; . . .

granted the State's request that a receiver be placed in control of the business. The State and Singh subsequently entered into a consent agreement whereby Singh was allowed to resume operating the business under certain conditions and under the receiver's supervision. Hargurtag Singh ("Mr. Singh") later moved to dismiss the action on two grounds: (1) that the complaint failed to state a claim under the Georgia RICO Act, and (2) that the State's in personam forfeiture claims were unconstitutional. On May 11, 2011, the trial court declined to dismiss the complaint pursuant to OCGA § 9-11-12 (b) (6) for failure to state a claim upon which relief could be granted, reasoning that the State had sufficiently alleged violations of OCGA §§ 16-12-22 and 16-12-28. Relying on this Court's decision in *Cisco v. State of Ga.*, 285 Ga. 656 (680 SE2d 831) (2009) and Chief Justice Hunstein's concurrence in *Pittman v. State of Ga.*, 288 Ga. 589 (706 SE2d 398) (2011), the trial court dismissed the State's in personam claims (Counts 1, 3, and 4) because it determined that all civil in personam claims under the RICO statute were unconstitutional. The State appealed, and Mr. Singh filed a cross-appeal.

1. Mr. Singh has moved to dismiss the appeal, contending that this Court lacks jurisdiction because the State failed to file an application for interlocutory review as required by OCGA § 5-6-34 (b). " 'It is incumbent upon this Court to inquire into its own jurisdiction.' [Cits.]" *Jenkins v. State*, 284 Ga. 642 (670 SE2d 425) (2008). When some, but not all, claims are dismissed in a case, such dismissal is typically not directly appealable. *First Christ Holiness Church v. Owens Temple First Christ Holiness Church*, 282 Ga. 883, 884 (655 SE2d 605) (2008). However, the appealability of an order is ultimately determined by its substance and effect, not its nomenclature. Id. at 885. Here, the State contends that when the trial court found the proceeding pursuant to OCGA § 16-14-6 to be unconstitutional and dismissed the claims against the in personam defendants, the ruling effectively dismissed the temporary injunctive relief and the receivership as to all defendants. As such, the State argues it was entitled to a direct appeal pursuant to OCGA § 5-6-34 (a) (4) and was not required to seek interlocutory review pursuant to OCGA § 5-6-34 (b). We agree. OCGA § 5-6-34 (a) (4) provides that appeals may be taken from "[a]ll judgments or orders granting or refusing applications for receivers or for interlocutory or final injunctions." Since equitable relief cannot be had against defendants in rem (*Knott v. Evans*, 280 Ga. 515 (2) (630 SE2d 402) (2006)), the ruling effectively denied all injunctive and equitable relief as to all defendants. As such, the trial court's order falls into the category of direct appeals allowed

pursuant to OCGA § 5-6-34 (a) (4), and the case is properly before this Court. Accordingly, Mr. Singh's motion to dismiss the State's appeal is denied.

2. In Case No. S12A0852, the State contends the trial court erred when it dismissed the OCGA § 16-14-6 claims against the in person-am defendants on the grounds that such claims under Georgia's RICO Act were unconstitutional. The trial court based its judgment on our ruling in *Cisco v. State of Ga.*, supra, and on Chief Justice Hunstein's concurrence in *Pittman v. State*, supra. In *Cisco*, we held unconstitutional OCGA § 16-14-7 (m), which allowed for property allegedly used in a criminal enterprise to be forfeited in personam prior to any indictment or conviction of the defendant.[3] Although such a forfeiture action was deigned by the legislature to be governed by the Civil Practice Act, we reasoned that an in personam forfeiture action under OCGA § 16-14-7 (m) was criminal and punitive in nature such that constitutional safeguards were required to be applied as they are applied in criminal proceedings. 285 Ga. at 663. In the absence of such safeguards, we could not uphold OCGA § 16-14-7 (m). In *Pittman*, supra, 288 Ga. at 594, we made no decisions regarding the constitutionality of OCGA § 16-14-6, but Justice Hunstein stated in her concurrence:

> [N]othing in [OCGA § 16-14-6] authorizes an "end run" around our holding in *Cisco*. OCGA § 16-14-7 (m), which is the statutory source of in personam RICO proceedings in Georgia, is so woefully lacking in mandatory constitutional protections that, until those constitutional deficiencies are corrected by the Legislature, it must be clearly understood that there can be no constitutional "civil" in personam RICO proceedings in our state courts.

Relying on *Cisco* and Justice Hunstein's concurrence in *Pittman*, the trial court in this case determined that the in personam civil divestiture of assets and the relief provided by OCGA § 16-14-6 was unconstitutional. For the reasons set forth below, the trial court's judgment is reversed.

Approximately two months after the trial court issued its ruling in this case, this Court decided *Patel v. State*, 289 Ga. 479 (713 SE2d 381) (2011). In *Patel*, which has nearly identical facts to the case at bar, we concluded that "in a RICO action, a trial court may properly exercise

---

[3] OCGA § 16-14-7 (m) provided in pertinent part: "In lieu of [in rem forfeiture proceedings], the state may bring an in personam action for the forfeiture of any property subject to forfeiture under subsection (a) of this Code section."

its discretion to appoint a receiver and enjoin the parties who would otherwise control property that is the subject of an in rem forfeiture proceeding." Id. at 481-482. The fact that these remedies are sought in conjunction with an in rem forfeiture does not convert such a proceeding into the type of in personam forfeiture action under OCGA § 16-14-7 (m) which we found to be unconstitutional in *Cisco*. *Patel*, 289 Ga. at 482. Since the equitable remedies allowed by OCGA § 16-14-6 (a) are available to other aggrieved parties as well as to the State (see OCGA § 16-14-6 (b)), an action for such remedies is uncharacteristic of a criminal matter. Id.[4] Indeed, none of the subsections of OCGA § 16-14-6 requires proof of criminal conduct on the part of the in personam defendants, but the statute allows the superior court to enjoin any violations of OCGA § 16-14-4, which generally prohibits racketeering activity, until the case is resolved. Accordingly, the trial court's dismissal of the claims against the in personam defendants is reversed.

3. In the cross-appeal, Case No. S12X0973, Mr. Singh contends the trial court erred when it denied the motion to dismiss for failure to state a claim pursuant to OCGA § 9-11-12 (b) (6). In support of this enumerated error, Mr. Singh argues that the machines at issue were legal and that the alleged illegal activity set forth in the complaint — making cash payments for successful play — is a misdemeanor and, therefore, does not constitute a predicate felony necessary to sustain a Georgia RICO claim. Both the State and Mr. Singh admit that no evidence was submitted to the trial court at the motion to dismiss hearing. Nevertheless, Mr. Singh contends that the trial court made a finding that the machines at issue in this case were bona fide coin operated amusement machines because the trial court stated in its order, "*Ultra Telecom*[5] held that machines like the ones involved here are not *per se* illegal." A careful reading of the order in its entirety shows that the trial court made no such express factual finding about the nature or legality of the machines at issue. Rather, the trial court refuted Singh's argument that the complaint did not state a claim on the basis that the machines were legal because the trial court reasoned that legal machines could still be used for an illegal purpose. The trial court went on to conclude that the complaint alleged felony

---

[4] "The only forfeiture allowed under OCGA § 16-14-6 is the forfeiture of a Georgia corporation's charter upon a finding that its board of directors or managerial agent acted in violation of OCGA § 16-14-4. OCGA § 16-14-6 (a) (5)." *Cisco*, supra, 285 Ga. at 660, n. 5. In this case, the State did not request any forfeiture of any corporate charters held by the in personam defendants.

[5] *Ultra Telecom v. State of Ga.*, 288 Ga. 65 (701 SE2d 144) (2010).

violations under OCGA §§ 16-12-22 and 16-12-28 and, therefore, declined to dismiss the complaint.

A motion to dismiss pursuant to OCGA § 9-11-12 (b) (6) will not be sustained unless

> (1) the allegations of the complaint disclose with certainty that the claimant would not be entitled to relief under any state of provable facts asserted in support thereof; and (2) the movant establishes that the claimant could not possibly introduce evidence within the framework of the complaint sufficient to warrant a grant of the relief sought. . . .

*Stendahl v. Cobb County*, 284 Ga. 525 (1) (668 SE2d 723) (2008). Here, Mr. Singh has failed to show that there is no set of provable facts that would entitle the State to relief. Accordingly, the trial court's denial of the motion to dismiss pursuant to OCGA § 9-11-12 (b) (6) is sustained.

*Judgment reversed in Case No. S12A0852. Judgment affirmed in Case No. S12X0973. All the Justices concur.*

DECIDED SEPTEMBER 10, 2012.

*Tracy Graham-Lawson, District Attorney, Michael G. Lambros, Andrew J. Ekonomou, for appellant.*

*Manchel, Wiggins & Kaye, Howard J. Manchel, Sanford A. Wallack, for appellees.*