# Court of Appeals
# of the State of Georgia

ATLANTA,___April 22, 2014_____

*The Court of Appeals hereby passes the following order:*

**A14I0159. KAREN BAGGETT v. JAMES FAYETTE.**

Neighbors Karen Baggett and James Fayette own property that was, at one time, owned by the same landowner. Baggett filed the underlying action against Fayette, seeking (a) a declaratory judgment that she owns a certain portion of that land, and (b) an injunction directing him not to use that land. Baggett filed a counterclaim, seeking to establish an easement of necessity pursuant to OCGA § 44-9-40. After an evidentiary hearing, the trial court issued a "Final Order After Trial," purportedly resolving all the parties' claims and counterclaims. In relevant part, the court found that Baggett had failed to carry her burden of proof on all issues. The court also explicitly granted Fayette's declaration of necessity pursuant to OCGA § 44-9-40, and referred that petition to a Board of Assessors for disposition. Baggett then filed both a notice of appeal and, out of an abundance of caution, this application for interlocutory appeal.[1]

Based on the limited materials included with the application, the trial court's order appears to be subject to direct appeal.

The court's order was interlocutory as to Fayette's counterclaim. See *Morrison v. Derdziak*, 255 Ga. App. 89 (1) (564 SE2d 500) (2002) (describing trial court's order

---

[1] Baggett filed her application in the Supreme Court, which transferred the matter here.

referring a declaration of necessity to assessors as an interlocutory step in the statutory condemnation process).

However, unlike in *Morrison*, here the order also appears to have effectively denied Baggett's pending claim injunctive relief. Accordingly, it is appealable under OCGA § 5-6-34 (a) (4). See *State v. Singh*, 291 Ga. 525 (1) (731 SE2d 649) (2012) (a ruling that effectively denies injunctive relief is appealable under OCGA § 5-6-34 (a) (4)); *Ga. Power Co. v. Hunt*, 266 Ga. 331 (1) (466 SE2d 846) (1996) (same).

Ordinarily, we will grant a timely application when the lower court's order is subject to direct appeal. See SPIVEY. In this case, however, it appears that Baggett has already filed a notice of appeal from the trial court's order. Accordingly, this application is superfluous, and it is therefore DISMISSED.



Court of Appeals of the State of Georgia
Clerk's Office, Atlanta, 04/22/2014
*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
*Witness my signature and the seal of said court hereto affixed the day and year last above written.*



_____, *Clerk.*