**SECOND DIVISION
RICKMAN, J.,
REESE and HODGES, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules**

**June 18, 2019**

# In the Court of Appeals of Georgia

A19A0706. SIAVAGE v. GANDY et al.

REESE, Judge.

Dr. Winston Gandy, Gerald Wilkins, and 12 other investors (collectively, the "Appellees"), filed suit against Michael Siavage (the "Appellant"), Gerald Ramdeen, and others, alleging, inter alia, that Ramdeen defrauded the Appellees out of approximately $3.5 million and that the Appellant, Ramdeen's attorney, aided and abetted Ramdeen's fraud. The Superior Court of Fulton County denied the Appellant's motion to dismiss, and we granted his application for interlocutory appeal. On appeal, the Appellant argues that the trial court erred in denying his motion to dismiss because Georgia does not recognize a claim for aiding and abetting fraud, and that, even if it did, the Appellees had failed to state a valid cause of action. For the reasons set forth infra, we affirm.

Viewed in the light most favorable to the Appellees, as the nonmovants,[1] the complaint avers that "[t]hrough his lies and schemes, Mr. Ramdeen fraudulently induced [the Appellees] to collectively give him [approximately $3.5 million], which Mr. Ramdeen falsely promised to invest in various fabricated investments and business activities that he claimed to be undertaking[.]" Further, the Appellant served as attorney to Ramdeen and his fictitious companies and "aided and abetted Mr. Ramdeen's fraud by providing supposed corporate documents and other assistance that enabled Mr. Ramdeen to continue his fraudulent schemes[,]" causing damage to the Appellees. Specifically, the Appellees alleged that the Appellant prepared documents that conveyed the false impression that Ramdeen's purported investments were legitimate, including documents regarding a supposed merger with a venture capital advisory firm that never occurred, a supposed NASDAQ listing, and a "Notice of Offering" and accompanying settlement agreement and release.

The Appellees also alleged that the Appellant allowed Ramdeen to hold out the Appellant's law firm as a provider of legal services to Ramdeen and his companies, which conveyed the false impression that Ramdeen's activities were legitimate; the

---

[1] See *Osprey Cove Real Estate v. Towerview Constr.*, 343 Ga. App. 436, 437 (1) (808 SE2d 425) (2017).

2

Appellant drafted transaction documents that evidenced the many "phony deals" that Ramdeen purported to undertake; and Ramdeen paid the Appellant for these "bogus transactions" using the money the Appellees had invested with him.

The complaint alleged further that, in 2014, the Appellant refused to make the account books and records of one of Ramdeen's companies available for inspection after one of the Appellees requested access. At this point, the Appellees averred, "because of his unique access to information as Mr. Ramdeen's counsel, [the Appellant] was on notice of Mr. Ramdeen's fraudulent activity and should have undertaken an investigation, which would have uncovered Mr. Ramdeen's fraud."

In response to the complaint, the Appellant filed a motion to dismiss the tort claims against him, asserting that Georgia does not recognize a cause of action for aiding and abetting fraud, and that, even if it did, the Appellees had failed to state such a claim, such that both the Appellees' claims for aiding and abetting fraud and for attorney fees failed.

The trial court denied the Appellant's motion to dismiss, concluding that the Appellees' claim for aiding and abetting fraud was not prohibited under Georgia law. Further, the trial court found that the Appellees had adequately pled a claim for aiding

3

and abetting fraud because they had sufficiently alleged the Appellant's knowledge of the fraud and his substantial assistance in advancing the fraud.

Analyzing the complaint under the motion-to-dismiss standard, rather than the heightened-pleading standard for asserting a claim for fraud under OCGA § 9-11-9 (b), the trial court found that the Appellees had also adequately alleged the underlying fraud by Ramdeen. Specifically, the court concluded that "it [was] possible for [the Appellees] to introduce evidence showing that Ramdeen's false representations were made with a present intent not to perform, were designed to induce [the Appellees] to act or refrain from acting, and resulted in damage to [the Appellees] as a result of their justifiable reliance."

The trial court also denied the Appellant's motion to dismiss the Appellees' claim for attorney fees, finding that the allegations against the Appellant were sufficient to support an inference of bad faith. This appeal followed.

> Under Georgia law, a motion to dismiss pursuant to OCGA § 9-11-12 (b) (6) will not be sustained unless (1) the allegations of the complaint disclose with certainty that the claimant would not be entitled to relief under any state of provable facts asserted in support thereof; and (2) the movant establishes that the claimant could not possibly introduce evidence within the framework of the complaint sufficient to warrant a grant of the relief sought. To that end, minimum pleading

4

requirements are found in OCGA § 9-11-8 (a) (2) (A), which requires that the complaint contain a short and plain statement of the claims showing that the pleader is entitled to relief, and we have held that the touchstone is fair notice — this short and plain statement must include enough detail to afford the defendant fair notice of the nature of the claim and a fair opportunity to frame a responsive pleading. While a trial court's ruling on a motion to dismiss for failure to state a claim is subject to de novo review, we accept the allegations of fact that appear in the complaint and view those allegations in the light most favorable to the plaintiff.[2]

"The tort of fraud has five elements: a false representation by a defendant, scienter, intention to induce the plaintiff to act or refrain from acting, justifiable reliance by plaintiff, and damage to plaintiff."[3]

Although fraud must be pled with particularity under OCGA § 9-11-9 (b), a complaint alleging fraud should not be dismissed for failure to state a claim unless it appears beyond a doubt that the pleader can prove no set of facts in support of his claim which would entitle him to relief. Rather than move to dismiss, a defendant seeking greater particularity

---

[2] *Osprey Cove Real Estate*, 343 Ga. App. at 437 (1) (citations and punctuation omitted).

[3] *Insight Technology v. FreightCheck*, 280 Ga. App. 19, 28 (5) (633 SE2d 373) (2006) (citation and punctuation omitted).

5

may either move for a more definite statement or wait for the outcome of discovery.[4]

"In all cases, a person who maliciously procures an injury to be done to another, whether an actionable wrong or a breach of contract, is a joint wrongdoer and may be subject to an action either alone or jointly with the person who actually committed the injury."[5]

With these guiding principles in mind, we turn now to the Appellant's claims of error.

1. The Appellant argues that the trial court erred in denying his motion to dismiss the Appellees' claim for aiding and abetting Ramdeen's fraud because such a claim is not cognizable in Georgia.[6]

---

[4] See *Z-Space, Inc. v. Dantanna's CNN Center*, 349 Ga. App. 248, 255 (2) (c) (825 SE2d 628) (2019) (citation and punctuation omitted).

[5] OCGA § 51-12-30.

[6] In denying the Appellant's motion to dismiss, the trial court relied on three Court of Appeals cases and concluded that the claim for aiding and abetting fraud was not prohibited under Georgia law. See *Levine v. SunTrust Robinson Humphrey*, 321 Ga. App. 268 (740 SE2d 672) (2013); *Wright v. Apt. Investment & Mgmt. Co.*, 315 Ga. App. 587 (726 SE2d 779) (2012); *R. W. Holdco, Inc. v. Johnson*, 267 Ga. App. 859 (601 SE2d 177) (2004). The Appellant does not argue that the claim is, in fact, prohibited under Georgia law. For the reasons given in this Division, it is unnecessary to parse the dicta in the cases cited by the trial court.

We reject the Appellees' contention on appeal that these Court of Appeals cases "implicitly recognized that aiding and abetting fraud is a viable claim in Georgia."[7] That being said, we find no significant distinction between aiding and abetting fraud as a separate tort and committing the tort of fraud as a joint tortfeasor. We find Judge Posner's reasoning on this issue in *Eastern Trading Co. v. Refco, Inc.*[8] to be persuasive:

> There is nothing to be gained by multiplying the number of torts, and specifically by allowing a tort of aiding and abetting a fraud to emerge by mitosis from the tort of fraud, since it is apparent that one who aids and abets a fraud, in the sense of assisting the fraud and wanting it to succeed, is himself guilty of fraud, in just the same way that the criminal law treats an aider and abettor as a principal. Law should be kept as simple as possible. One who aids and abets a fraud is guilty of the tort of fraud . . . ; nothing is added by saying that he is guilty of the tort of aiding and abetting as well or instead.[9]

As we have stated, "there is no magic in mere nomenclature in the designation of causes of action. We must look beyond the designation . . . and determine whether

---

[7] See *Levine*, 321 Ga. App. at 274-275 (2) (b); *Wright*, 315 Ga. App. at 595-596 (3) (b); *R. W. Holdco*, 267 Ga. App. at 866 (2) (a).

[8] 229 F3d 617 (7th Cir. 2000).

[9] Id. at 623-624 (citations and punctuation omitted).

[the] complaint stated a claim which is allowable under Georgia law."[10] Thus, we conclude that the tort of "aiding and abetting fraud" does not exist as a basis for liability under Georgia law. Instead, one who "knowingly participat[es] in a fraud" may be held liable for the fraud.[11] Thus, the issue in this case is whether the Appellees have stated a valid fraud claim against the Appellant.

2. The Appellant contends that the trial court erred in finding that the allegations in the complaint satisfied the elements of aiding and abetting fraud,[12] as that claim has been defined by other jurisdictions.[13]

---

[10] *Insight Technology*, 280 Ga. App. at 23 (1) (a) (citation and punctuation omitted); accord *White v. Shamrock Bldg. Systems*, 294 Ga. App. 340, 343 (1) (669 SE2d 168) (2008).

[11] See OCGA § 51-12-30; *Guillebeau v. Jenkins*, 182 Ga. App. 225, 231 (2) (355 SE2d 453) (1987) ("In the absence of evidence pointing to [a defendant attorney's] knowing participation in a fraud, there can be no basis for a finding of fraud on his part."); see also *Insight Technology*, 280 Ga. App. at 28 (5) (elements of fraud).

[12] Although the Appellant argued in his motion to dismiss that the Appellees had failed to plead the underlying fraud with the requisite particularity under OCGA § 9-11-9 (b), the Appellant specifically abandoned that contention on appeal.

[13] See *ZP No. 54 Ltd. Partnership v. Fidelity & Deposit Co. of Md.*, 917 So2d 368, 372 (A) (Fla. App. 2005) ("Virtually all courts that have acknowledged the existence of aiding and abetting a fraud state that the following are the elements that must be established by the plaintiff: 1. There existed an underlying fraud; 2. The defendant had knowledge of the fraud; 3. The defendant provided substantial

Construing the complaint in the light most favorable to the Appellees,[14] the complaint adequately set forth the elements of a fraud claim. Specifically, the Appellees alleged that the Appellant "drafted many of the transaction documents that evidenced the many phony deals that Mr. Ramdeen pretended to undertake[,]" which "conveyed the false impression to [the Appellees] that the purported investments were legitimate[,]" and which caused damage to the Appellees.

Although the Appellant argues that the complaint fails to allege that he had actual knowledge of any of Ramdeen's alleged misrepresentations, we conclude that, "within the framework of the complaint, evidence may be introduced which will sustain a grant of relief to the plaintiff[.]"[15] Thus, the complaint sufficiently states a claim of fraud against the Appellant.[16]

---

assistance to advance the commission of the fraud.").

[14] See *Osprey Cove Real Estate*, 343 Ga. App. at 437 (1).

[15] See *Babalola v. HSBC Bank, USA*, 324 Ga. App. 750, 752 (2) (751 SE2d 545) (2013) ("[I]t is not necessary for a complaint to set forth all of the elements of a cause of action in order to survive a motion to dismiss for failure to state a claim.") (citations and punctuation omitted).

[16] See id.

3. The Appellant contends that the trial court erred in denying his motion to dismiss the Appellees' claim for attorney fees under OCGA § 13-6-11,[17] arguing that the complaint failed to suggest that he acted in bad faith and at most alleged that he was "on notice" of Ramdeen's allegedly fraudulent activities and "should have" conducted an investigation before providing Ramdeen with "routine legal services."

In Count IV of the complaint, the Appellees sought attorney fees pursuant to OCGA § 13-6-11, alleging: "[a]s described in this Complaint, [Ramdeen and the Appellant] have acted in bad faith, have been stubbornly litigious, and have caused [the Appellees] unnecessary trouble and expense."

"If [the Appellees] succeed[ ] on any of [their] claims, fees expended in pursuit of the claims upon which [they] prevail[ ] are recoverable if [they] satisf[y] the requirements of OCGA § 13-6-11."[18] "Every intentional tort, such as fraud, invokes the species of bad faith that under the provisions of . . . OCGA § 13-6-11 entitles the

---

[17] OCGA § 13-6-11 provides: "The expenses of litigation generally shall not be allowed as a part of the damages; but where the plaintiff has specially pleaded and has made prayer therefor and where the defendant has acted in bad faith, has been stubbornly litigious, or has caused the plaintiff unnecessary trouble and expense, the jury may allow them."

[18] *Roberts v. JPMorgan Chase Bank*, 342 Ga. App. 73, 80 (5) (802 SE2d 880) (2017).

person wronged to recover the expense of litigation involving attorney's fees."[19] In light of our holding in Division 2, "substantive claims remain pursuant to which attorney fees . . . may be available."[20]

Accordingly, we hold that the trial court did not err in denying the Appellant's motion to dismiss.

*Judgment affirmed. Rickman, J., and Hodges, J., concur*.

---

[19] *Kopp v. First Bank of Georgia*, 235 Ga. App. 520, 524 (509 SE2d 384) (1998) (citation and punctuation omitted).

[20] See *Community & Southern Bank v. Lovell*, 302 Ga. 375, 380 (4) (807 SE2d 444) (2017).